**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-01504-BNB

MIKEAL GLENN STINE,

    Petitioner,

v.

U.S. FEDERAL BUREAU OF PRISONS,
DR. CHRISTOPHER WILSON, ADX,
DR. DAVID ALLRED, Clinical Director, ADX,
MR. ROGERS, EMT, ADX
BLAKE DAVIS, Warden, ADX,
MR. MUNSON, Associate Warden, ADX,
LEWIS T. BABCOCK, Judge,
WILEY Y. DANIEL, Judge,
KRISTEN L. MIX, Magistrate Judge,
CRAIG B. SHAFFER, Magistrate Judge,
BOYD N. BOLAND, Magistrate Judge,
ZITA L. WEINSHIENK, Judge,
PHILIP A. BRIMMER, Judge,
MS. AMY L. PADDEN, Attorney, AUSA,
MR. J. BENEDICT GARCIA, Attorney, AUSA,
JOHN DOES,
MARCIA S. KRIEGER, Judge,
RICHARD P. MATSCH, Judge,
JOHN L. KANE, Judge,
WALKER D. MILLER, Judge,
CHRISTINE M. ARGUELLO, Judge,
MICHAEL J. WATANABE, Magistrate Judge,
MICHAEL J. HEGARTY, Magistrate Judge,
KATHLEEN M. TAFOYA, Magistrate Judge,
DAVID L. WEST, Magistrate Judge,
GUDRUN J. RICE, Magistrate Judge,
A. OSAGIE, Physician Asst., ADX, and
MR. SHOCKY, Correctional Officer, ADX,

    Defendants.

---

**DENIAL OF PETITION**

---

Petitioner, Mikeal Glenn Stine, is in the custody of the United States Bureau of Prisons and currently is incarcerated at ADX Florence. Mr. Stine, acting *pro se*, has filed a "Petition Pursuant Court Order Seeking Leave of the Court to File a Pro-Se Action." The Petition has four attachments that include (1) a list of lawsuits in which he was a party; (2) an affidavit and declaration; (3) a copy of the court order that specifies his filing restrictions; and (4) a verified complaint.

The Court has reviewed the documents Mr. Stine has filed and finds that he has not complied with the requirements of his filing restrictions under *Stine v. Lappin, et al.*, No. 07-cv-01839-WYD-KLM, ECF No. 344 at 30-32 (D. Colo. Sept. 1, 2009). Based on the following findings, Mr. Stine will be denied leave to proceed with this action.

The information Mr. Stine is required to state in his petition seeking leave to proceed with a *pro se* complaint in this Court is very specific. The Petition is to include a statement advising the Court if any defendant to the lawsuit was a party, or any way involved in any prior lawsuit that Mr. Stine has filed and if so in what capacity. Mr. Stine is to include an affidavit and declaration that he signs under the penalty of perjury and that recites the claims he raises are not frivolous, taken in bad faith, or meant to harass any individual or entity. He is to include a copy of the proposed complaint.

Mr. Stine also is to list separately all lawsuits he has filed in any federal or state court in which he was a party, and include the following: (1) the name and citation of the case; (2) the jurisdiction; (3) his involvement in each case; (4) the status of the case; and (5) the disposition of the case. He is to set forth a second list of all federal and state cases in which a judgment was rendered against him and a third list of all federal and state cases in which judgment was entered in his favor, if any. In the second and third list, he is to include the citation of each case, the amount of the judgment, and if and

2

why any judgment remains outstanding.

The Petition contains six sections. The sections are titled as follows: (I) Opening Statements; (II) Statement Advising the Court That Parties Herein Were Defendants in Prior Lawsuits Below; (III) List of all Actions in Which Plaintiff has been Involved in; (IV) List of Supreme Court Cases Relating to Plaintiff; (V) Statement of Facts; and (VI) Relief Requested by Petitioner. The information provided in the sections fails to comply with the restrictions set forth in Case No. 07-cv-01839-WYD-KLM, ECF No. 344 at 30-31. The statement under Section II is not set forth in any discernible manner. Mr. Stine identifies his previous cases, lists names of defendants who were parties to the previous case, and in a conclusory and vague manner states the basis for the complaint. Other than in the most recent cases, Mr. Stine does not assert how named defendants to the proposed complaint in this case were involved in previous cases.

Mr. Stine has attached four additional sections to the Petition, including: (A) List of All Lawsuits in Which Plaintiff was a Party; (B) Affidavit/Declaration; (C) Copy of the Injunction; and (D) Verified Prisoner Complaint. Mr. Stine, as in previous attempts to petition the Court to file a new action, does not provide two separate lists. In one list Mr. Stine is to note the cases in both state and federal courts in which a judgment was rendered against him and in another list he is required to list all his cases in both state and federal courts in which a judgment was rendered in his favor. He has not done this.

Rather than complying with the specifics of his filing restrictions and providing only the information identified above, Mr. Stine throughout the Petition and the attachments challenges the findings by the courts in dismissing the previous identified actions. Part of Mr. Stine's filing restriction requires that he "shall not file . . . other pleadings pertaining to the Petition unless directed to do so." Case No. 07-cv-01839-

WYD-KLM, ECF No. 344 at 31.  Again, Mr. Stine is instructed that he may not circumvent the restriction by inserting pleadings in the Petition.

Finally, consistent with the injunction entered in Case No. 07-cv-01839, the Court, along with other specific directives, is required to determine whether Mr. Stine's complaint is frivolous or fails to state a claim against an individual or entity that is immune from suit.  The Court has reviewed the substance of Mr. Stine's claims and finds as follows.

First, Mr. Stine's challenge to the constitutionality of 28 U.S.C. § 1915(g) based on the First Amendment and due process rights is foreclosed by Tenth Circuit precedent.  *See White v. Colorado*, 157 f.3d 1226, 1232 (10th Cir. 1998) (*in forma pauperis* status in a civil case is not a fundamental right and § 1915(g) is rationally related to the legitimate end of deterring frivolous and malicious prisoner lawsuits); *see also Kinnell v. Graves*, 265 F.3d 1125, 1127-28 (10th Cir. 2001).

Second, the claims Mr. Stine raises regarding the injunction which he is subject to under Case No. 07-cv-01839-WYD-KLM more properly are raised in that case.

Third, Mr. Stine contends that at least eighteen judges have conspired to restrict him from filing cases in this Court as a favor to a magistrate judge and to one BOP staff member.  Mere conclusory allegations of conspiracy with no supporting factual assertions are insufficient.  *Scott v. Hern* , 216 F.3d 897, 907 (10th Cir. 2000) (citations omitted).  Pleadings must present specific facts that show agreement and concerted action by the defendants.  *Id.*  Mr. Stine's conspiracy claim is conclusory and vague and belied by the findings in Case No. 07-cv-01839-WYD-KLM at ECF No. 344.

Mr. Stine also claims that "one of this Court's judges has provided ADX inmates with documents that state this Court has issued [an] opinion that: (A) [He has] assisted

4

the FBI against the Aryan Brotherhood and Mexican Mafia; (B) Assisted the U.S. Attorneys in Prosecution of A/B and Mexican Mafia; [and] (C) Assisted BOB/SIS against A/B and Mexican Mafia." Attach. 2, ECF No. 1-2., at 11 (Compl.).  Mr. Stine appears to assert that judges in this Court have provided information to other inmates that they would otherwise not know and that would cause him to be labeled as a snitch and place him in danger.

In at least two of Mr. Stine's previous cases he has discussed his background, as he does in this case, and the Court has referred to Mr. Stine's assertions in the orders of dismissal, which includes his testifying against the Aryan Brotherhood and Mexican Mafia.  *See Stine v. Fed. Bureau of Prisons, et al.*, 2010 WL 3276196, *2, No. 10-cv-01652-CMA (D. Colo. Aug. 17, 2010); *Stine v. Lappin, et al.*, 2009 WL 103659, *3, No. 07-cv-01839-WYD-KLM (D. Colo. Jan. 14, 2009).  Mr. Stine's complaints and the Court's orders are entered on the Court's Docket and are available to the public.  Any information that Mr. Stine has provided to this Court regarding his background is subject to public review.  This claim is without basis and borders on being malicious.

Therefore, nothing Mr. Stine asserts against the eighteen listed judges overrides the judicial immunity they have from civil rights suits.  Mr. Stine fails to assert any basis for finding the named judges acted in clear absence of all jurisdiction or outside of their judicial capacity.  *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994).

The Court finds that at least two of Mr. Stine's claims are either frivolous or malicious or both.

Mr. Stine has failed to comply with the injunction set forth in Case No. 07-cv-01839-WYD-KLM.  The Petition, therefore, will be denied.  If Mr. Stine continues to file

petitions requesting permission to file a *pro se* action that do not comply with his filing restrictions set forth in Case no. 07-cv-01839-WYD-KLM, and include frivolous and malicious claims in the proposed complaint, the Court will consider imposing additional sanctions against him.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Stine files a notice of appeal he must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the "Petition Pursuant Court Order Seeking Leave of the Court to File a Pro-Se Action," ECF No. 1, is DENIED without prejudice.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

Dated this 10th day of August, 2012.

BY THE COURT:

William J. Martínez
United States District Judge